UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAFAYETTE DIVISION

Lucinda Guillory                                                                                          Civil Action No. 09-0597

versus                                                                                                          Judge Tucker L. Melançon

Southern Tire Mart, LLC, et al                                                                Magistrate Judge Hanna

MEMORANDUM RULING

Before the Court is an unopposed[1] motion for summary judgment filed by defendant Southern Tire Mart, L.L.C. ("STM") seeking dismissal of all claims brought by plaintiff, Lucinda Guillory, and plaintiff in intervention, Liberty Mutual Insurance Company. [Rec. Doc. 21]. The fact that STM's motion is unopposed does not necessarily mean STM should prevail on the merits. "A motion for summary judgment cannot be granted simply because there is no opposition, even if failure to oppose violated a local rule. The movant has the burden of establishing the absence of a genuine issue of material fact and, unless he has done so, the court may not grant the motion, regardless of whether any response was filed." *Hetzel v. Bethlehem Steel Corp.*, 50 F.3d 360, 362 (5th Cir. 1995). However, failure to file an opposition and statement of contested material facts requires the Court to deem STM's statement of uncontested material facts admitted for purposes of the motion. Local Rule 56.2W.

Lucinda Guillory originally filed this action on March 4, 2009, in the 27th Judicial District Court in St. Landry Parish, Louisiana, for injuries and damages she alleges resulted from a March 5, 2008 accident. *R. 1, Petition.* At the time of the alleged accident, Guillory was in the course and scope of her employment with United Parcel Service ("UPS"). Also,

---

[1] Pursuant to L.R. 7.5W, the deadline for filing any opposition to STM's motion was August 8, 2010.

1

in March 2009,[2] Liberty Mutual Insurance Company ("Liberty Mutual"), the worker's compensation insurer of UPS, filed a Petition of Intervention for indemnity and medical benefits paid to or on behalf of Guillory. *R. 1, Petition of Intervention.* Defendant removed the action to this Court on April 9, 2009 under 28 U.S.C. §1332. *R. 1.*

Guillory alleges in her Petition that while driving a UPS truck in the course and scope of her employment with UPS, one of the tires "blew out" causing her to lose control of the truck and crash. *R. 1, Petition.* She further alleges that the cause of the crash was a defective tire on the UPS truck which had been retreaded and supplied to UPS by STM. *R. 1.* In particular, plaintiff contends that STM manufactured and/or distributed the tire at issue and is therefore liable for her injuries and damages under La. R.S. 2800.51, *et seq.*, the Louisiana Products Liability Act ("LPLA"), as follows:

> 1. Upon information and belief, manufacturing and/or distributing a product that was unreasonably dangerous in construction or composition.
> 2. Upon information and belief, manufacturing and/or distributing a product that was unreasonably dangerous in design;
> 3. Upon information and belief, manufacturing and/or distributing a product that was unreasonably dangerous because an inadequate warning about the product has not been provided;
> 4. Upon information and belief, manufacturing and/or distributing a product that was unreasonably dangerous because the product did not conform to an express warranty of the manufacturer about the product;
> 5. And all other fault and/or negligence that will be shown with more particularity at the trial on the merits.
> *Id.*

"To maintain a successful products liability action under the LPLA, a plaintiff must establish four elements: (1) that the defendant is a manufacturer of the product; (2) that the claimant's damage was proximately caused by a characteristic of the product; (3) that this characteristic made the product 'unreasonably dangerous'; and (4) that the claimant's damage arose from a reasonably anticipated use of the product by the claimant or someone else. *See*

---

[2] The Court cannot discern the date of filing on the Petition of Intervention. *Id.*

La.Rev.Stat. Ann. § 9:2800.54(A)." *Stahl v. Novartis Pharmaceuticals Corp.*, 283 F.3d 254, 261 (5th Cir. 2002).

While STM admitted to providing retreaded tires to UPS in the Rule 26(f) Report, *R. 19*, the record contains no evidence outside of Guillory's Petition that the tire at issue was re-manufactured or reconditioned by STM. Nor is there any evidence that the tire was defective in construction, composition or design or that it failed to have warnings or an express warranty. Finally, there is no evidence that these alleged failures were the cause of the tire's failure. The record indicates that plaintiff retained a "tire/retread expert" to examine the tire at issue, however, plaintiff failed to provide expert reports from any such expert.[3] *R. 19, 26(f) Report; 21-1, § 8, Stmt. Uncontested Facts*. STM represents that there is no such report because the actual cause of the blowout was a nail imbedded in the middle of the tire tread, as shown in the photographs of the tire attached to STM's motion. *R. 22, Exh. 3*.

Summary judgment is appropriate if no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). Under Rule 56(c), the moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); *see Stahl v. Novartis Pharms. Corp.*, 283 F.3d 254, 263 (5th Cir.2002). The party moving for summary judgment must demonstrate the absence of a genuine issue of material fact but need not negate the elements of the nonmovant's case. *Exxon Corp. v. Oxxford Clothes XX, Inc.*, 109 F.3d 1070, 1074 (5th Cir.1997). When the moving party, has met its Rule 56(c) burden, the nonmoving party, cannot survive a summary judgment motion by

---

[3] Plaintiff's expert report deadline was April 15, 2010. *R. 15*.

**3**

resting on the mere allegations of its pleadings. "[T]he nonmovant must identify specific evidence in the record and articulate the manner in which that evidence supports that party's claim." *Johnson v. Deep E. Tex. Reg'l Narcotics Trafficking Task Force*, 379 F.3d 293, 301 (5th Cir.2004) (citation omitted).

    Plaintiff bears the burden of proof at trial on all elements of her claims, yet she has failed to adduce any evidence whatsoever under the LPLA or the negligence claims alleged in her Petition[4]. Accordingly, the Court must grant Southern Tire Mart, LLC's motion for summary judgment dismissing plaintiff's claims against it as well as Liberty Mutual's Petition of Intervention.

---

[4] If STM was the manufacturer or re-manufacturer of the tire, plaintiff's state law negligence claims are not available as the LPLA limits a plaintiff's theories of recovery to those established by the LPLA. *Stahl*, 283 F.3d at 262.